**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

UNITED STATES OF AMERICA

v.                                              ACTION NO. 2:05mj213

ANTONIO MEQUEL JENKINS,

       Defendant.

<u>O R D E R</u>

     In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  The Court concludes that the following facts require the detention of the defendant pending trial in this case.

    There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 846.

    The defendant has not rebutted the presumption established by the above finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

    The Court FINDS that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that the defendant was involved in a conspiracy to distribute powdered cocaine and the use of a communications device

to further that conspiracy. The defendant is 35 years old and has lived in Norfolk all his life. He states that he has daily contact with his mother and has resided with her since 1990. He has five children by various women, but has not been married.  It was suggested that his mother, Glenda Willard, could be a third-party custodian for the defendant. However, the Court found that despite Ms. Willard's clean criminal record and apparent upstanding status in the community, the fact that the defendant has used cocaine on a regular basis during the last 15 years while he has lived with her indicates that she is either nonobservant or would not be a good custodian for the defendant to observe his compliance with any court order.

   The defendant claims he is employed full time as a janitorial worker, but this was not verified.

   In 1990 the defendant was found guilty of possession with intent to distribute cocaine. In 1991 he was found guilty of possession of a firearm by a convicted felon. In addition, he was convicted in 1997 of assault and battery. There are two outstanding warrants against the defendant for failure to comply with child support, issued on February 2, 2005. There also appear to be a number of warrants issued over the years for domestic situations and for contempt of court, all of which were dismissed or nol-prossed.

   The Court FINDS that the defendant is a risk of nonappearance

due to his failure to appear and contempt of court arrest, as well as outstanding warrants and conflicting information regarding his residential history and lack of verification of current employment.

In addition, the Court FINDS that the defendant is a danger to the community due to the nature of the charged offense, his criminal record, and his self-reported substance abuse history.

The Court FINDS that because of the substantial possible penalties that this defendant faces in this case and the strength of the evidence against him that there is a strong likelihood that the defendant will not appear for trial under any conditions of release.  The Court further FINDS that the defendant is a danger to the community by his continuous and continuing drug dealing and should be detained pending the trial of this case.  See United States v. Williams, 753 F.2d 329 (4th Cir. 1985).

There is a serious risk that the defendant will not appear.

There is a serious risk that the defendant will endanger the safety of another person or the community.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney

for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this Order to the United States Attorney at Norfolk, to the United States Marshal at Norfolk, to the United States Pretrial Services Office at Norfolk, and to counsel of record for the defendant.

                                            /s/
                                  Tommy E. Miller
                          United States Magistrate Judge

Norfolk, Virginia

May 23, 2005